**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO.: TDC-14-0569** |
| | * | |
| **DAVID DWAYNE RUDOLPH** | * | |
| | * | |
| | ******* | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S *PRO SE*
MOTION FOR 2255 RELIEF PURSUANT TO SECTION 401 AND SECTION 404 OF
THE FIRST STEP ACT**

The United States of America, by undersigned counsel, hereby responds to Petitioner's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed on March 25, 2019. ECF No. 28. For the reasons that follow, this Court should deny Petitioner's Motion.

**BACKGROUND**

On December 4, 2014, David Dwayne Rudolph ("Petitioner") was charged in a two-count criminal Information with: one count of possession with intent to distribute 280 grams or more of cocaine base, a detectable amount of cocaine, and a detectable amount of marijuana, in violation of 21 U.S.C § 841(a)(1) (Count One); and, one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Two). ECF No. 1 (Criminal Information).

On December 19, 2014, Petitioner appeared before this Court and pled guilty to Counts One and Two of the criminal Information. ECF No. 8. Following Petitioner's plea, this Court ordered the United States Probation Office to complete a Pre-sentence Investigation Report in preparation for Petitioner's sentencing, which was set for March 16, 2015.

The United States Probation Office subsequently prepared a Pre-sentence Investigation Report ("PSR"). Based on Petitioner's criminal history, the completed PSR concluded that Petitioner qualified as both a career offender, pursuant to U.S.S.G. § 4B1.1(a), and an armed career

1

criminal, pursuant to U.S.S.G. 4B1.4(a) and 18 U.S.C. § 924(e)(1).[1] Accordingly, pursuant to U.S.S.G. § 4B1.1(b), Petitioner was subject to a base offense level of 37 based on the statutory maximum sentence of life associated with his Count One offense. PSR at 24, ¶ 75 (Statutory Provisions) ("As to Count 1, the minimum term of imprisonment is 10 years and the maximum term is life. 21 U.S.C. § 841(b)(1)(A)."); *see also* U.S.S.G. § 4B1.1(b)(1) (setting a base offense level of 37 for offenses mandating a statutory maximum of life). Additionally, the statutory range associated with Petitioner's Count Two offense was enhanced to 15 years' to life imprisonment pursuant to 18 U.S.C. § 924(e)(1). PSR at 24, ¶ 75 (Statutory Provisions) ("As to Count 2, the minimum term of imprisonment is 15 years and the maximum term is life. 18 U.S.C. § 924(e)(1)."); *see also* U.S.S.G. § 4B1.4(b)(2) (" the offense level for an armed career criminal [under 18 U.S.C. 924(e)] is the greatest of: [. . .] (2) the offense level from § 4B1.1 (Career Offender) if applicable; [. . .]."). Following a three-level reduction from the career offender offense level for acceptance of responsibility, Petitioner's final offense level was 34. *See* PSR at 8; SOR at 1. At the established criminal history category of VI, this resulted in an applicable advisory guidelines range of 262 to 327 months in Petitioner's case. *See* PSR at 8; SOR at 1.

At Petitioner's sentencing on March 16, 2015, this Court adopted "the factual findings and advisory guideline application in the presentence investigation report without change" and

---

[1] PSR at 15, ¶ 45 ("the defendant was convicted of the following controlled substance offenses in the Circuit Court for Prince George's County: Possession with Intent to Distribute Cocaine, Docket No. CT031409X, and Possession with Intent to Distribute Cocaine and Possession with Intent to Distribute Marijuana, Docket No. CT091699X. As such, pursuant to the provisions found in USSG §4B1.1, the defendant is a Career Offender[.]"); PSR at 15, ¶ 46 ("The defendant has three prior convictions for serious drug offenses: Distribution of CDS (Docket No. CT991320X); Possession with Intent to Distribute Cocaine (Docket No. CT031409X); and Possession with Intent to Distribute Cocaine and Possession with Intent to Distribute Marijuana (Docket No. CT091699X). As such, pursuant to USSG §4B1.4, the defendant is also an Armed Career Criminal and is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e).")

sentenced Petitioner to 288 months' imprisonment on each count to run concurrent with each other. Statement of Reasons ("SOR") at 1; ECF No. 25 at 2. Petitioner did not file an appeal.

On March 25, 2019, Petitioner filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 28. In his motion, Petitioner contends that he is eligible for a reduced sentence on three separate grounds pursuant to Sections 401, 403 and 404 of the First Step Act, respectively. ECF No. 28 (Grounds One and Two). Petitioner, in addition, challenges the legality of his classification as an armed career criminal on the basis that he no longer has three qualifying "serious drug offense" convictions in light of the First Step Act. ECF No. 28 (Ground Three).

On June 24, 2019, this Court ordered the Government to file a response to Petitioner's *pro se* Motion to Vacate within 14 days from the filing of the Court's order. ECF No. 32. On July 8, 2019, the Government requested a 7-day extension to file its response to Petitioner's Motion to Vacate and, on July 10, 2019, this Court granted the Government's extension request. For the reasons that follow, the Government submits that each of Petitioner's claims are meritless and he is not entitled to relief pursuant to the First Step Act. [2]

---

[2] Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence was originally docketed as a Petition for Writ of Habeas Corpus under Civil Case No. TDC-19-0898. ECF No. 1, case no. 19-cv-0898. However, on May 14, 2019, this Court Ordered the Clerk to close out Petitioner's civil case, concluding that "[A]lthough the Clerk docketed the Motion as a Petitioner for a Writ of Habeas Corpus, the Court concludes that the Motion is a post-sentencing motion filed in the original criminal case." ECF No. 2, case no. 19-cv-0898. Thus, the Government construes Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence as a motion for relief pursuant to the First Step Act.

## ANALYSIS

**I.   Sections 401 and 403 of the First Step Act are not retroactively applicable to sentences imposed prior to December 21, 2018.**

Petitioner moves this Court to reduce his sentence pursuant to Sections 401 and 403 of the First Step Act of 2018 (hereinafter "the 2018 FSA"). ECF No. 28. Section 401 of the 2018 FSA amended 21 U.S.C. § 841(b) such that the types of predicate offenses now necessary to trigger sentence enhancements under 21 U.S.C. § 851 are more limited in scope than those included under the previous statute. 2018 FSA § 401. Under the 2018 FSA-amended provisions, a defendant's prior drug conviction(s) must qualify as a "serious drug felony," punishable by a maximum term of ten years, rather than a "felony drug offense," punishable by a minimum term of 1 year. *See* 21 U.S.C. § 841(b)(1). Additionally, in order for a "serious drug felony" to qualify as a valid predicate for enhancement under § 851, the offender must have served a term of imprisonment exceeding 12 months for the offense and must have been released within 15 years of the instant offense of conviction.[3]

Section 401, subsection (c), of the 2018 FSA further instructs that: "[T]his section, and the amendments made by this section, shall apply to any offense that was committed before the date

---

[3] While the 2018 FSA effectively narrowed the scope of qualifying predicate drug offenses, it also introduced a new qualifying category for prior offenses that were "serious violent felon[ies]." A "serious violent felony" as defined in the newly-created 21 U.S.C. § 802(58) is:

> (A) an offense described in section 3559(c)(2) of Title 18, for which the offender served a term of imprisonment of more than 12 months; and (B) any offense that would be a felony violation of section 113 of Title 18, if the offense were committed in the special maritime and territorial jurisdiction of the United States, for which the offender served a term of imprisonment of more than 12 months.

21 U.S.C. § 802(58).

of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." 2018 FSA § 401(c). Thus, by its own terms, Section 401 is explicitly deemed non-retroactive to sentences imposed prior to the 2018 FSA's date of enactment. In other words, Section 401 of the Act is inapplicable to sentences imposed prior to December 21, 2018.[4]

Section 403 of the First Step Act amended the language of 18 U.S.C. § 924(c)(1)(C) by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final." 2018 FSA § 403(a). The amendment, therefore, effectively eliminated the procedure of "stacking" multiple § 924(c) charges for the purpose of enhancing the penalties associated with "second or subsequent" § 924(c) convictions within the same indictment. Under the old version of the statute, a defendant could be convicted of multiple § 924(c) charges at the same time, resulting in higher mandatory minimum penalties for each subsequent § 924(c) count. Under the now-amended statute, the enhanced mandatory minimum applies only if the prior qualifying § 924(c) conviction was already made final.

Like Section 401(c), Section 403 also provides that: "the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." 2018 FSA § 403.

Petitioner was sentenced on March 16, 2015, well-before enactment of the 2018 FSA. ECF No. 25. Thus, Sections 401 and 403 of the 2018 FSA do not apply retroactively to Petitioner's 2015 sentence. Furthermore, even if Section 401 were retroactively applicable, which it clearly is not, it would not entitle Petitioner to a reduced sentence because Petitioner was not sentenced to

---

[4] The First Step Act was signed into law on December 21, 2018.

an enhanced statutory penalty pursuant to 21 U.S.C. § 851. *See* PSR at 24, ¶ 75 ("Statutory Provisions: As to Count 1, the minimum term of imprisonment is 10 years and the maximum term is life. 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)."). Similarly, Section 403 provides no substantive basis for relief because Petitioner was not convicted of a § 924(c) offense and there was no "stacking" pursuant to § 924(c)(1)(C) in his case. *See* PSR at 24, ¶ 75 ("Statutory Provisions: [. . .] As to Count 2, the minimum term of imprisonment is 15 years and the maximum term is life. 18 U.S.C. § 924(e)(1)."). Therefore, Petitioner is ineligible for relief under Sections 401 and 403 of the 2018 FSA.

**II.  Petitioner is not eligible for relief under Section 404 of the 2018 FSA because his previously imposed sentence already accounted for the amendments made by the Fair Sentencing Act of 2010.**

Petitioner next argues that he is eligible for a reduced sentence under Section 404 of the 2018 FSA. ECF No. 28. Section 404 of the 2018 FSA reads as follows:

> **SEC. 404. Application of Fair Sentencing Act.**
>
> (a) Definition of covered offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) Limitations.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a

court to reduce any sentence pursuant to this section.

2018 FSA § 404. Section 404 thus authorizes courts to reduce previously-imposed sentences for a limited class of prisoners, namely those impacted by the Fair Sentencing Act's amendments to the statutory penalty ranges associated with cocaine-base ("crack-cocaine") offenses. 2018 FSA § 404(a) ("the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010").[5]

The Fair Sentencing Act (hereinafter "the 2010 FSA"), which took effect on August 3, 2010, reduced the disparity in the treatment of cocaine base and powder cocaine offenses from 100-to-1 to 18-to-1. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). Under Section 2 of the 2010 FSA in particular, the new mandatory sentencing range for conspiracy to distribute and possess with intent to distribute more than 28 grams but less than 280 grams of cocaine base is 5 to 40 years' imprisonment, and the sentencing range for conspiracy to distribute and possess with

---

[5] The proper procedural mechanism for relief under Section 404 of the First Step Act is found in Section 3582(c)(1)(B). *See* 18 U.S.C. § 3582(c)(1)(B) (providing that a district court "may not modify a term of imprisonment once it has been imposed except that — (1) in any case — . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute [. . .]"). Consistent with that approach, district courts within the Fourth Circuit and elsewhere have acknowledged that the applicable procedural framework for relief under Section 404 is defined by 18 U.S.C. § 3582(c)(1)(B). *See, e.g.*, *United States v. Paul*, 2019 WL 861420, at *3 (W.D. Va. Feb. 22, 2019) (granting reduction of sentence pursuant to "the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B)"); *United States v. Laguerre*, 2019 WL 861417, at *4 (W.D. Va. Feb. 22, 2019) (same); *United States v. Fountain*, 2019 WL 637715, *2 (W.D.N.C. Feb. 14, 2019) (same); *United States v. Jackson*, 2019 WL 613500, at *1 (W.D.Va. Feb. 13, 2019) (same); *United States v. Copple*, 2019 WL 486440, at *2 (S.D. Ill. Feb. 7, 2019) ("Now that the First Step Act has expressly provided additional authority to modify a term of imprisonment, it can serve as a basis for relief under § 3582(c)(1)(B)."); *United States v. Delaney*, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) ("Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B)").

intent to distribute more than 280 grams of cocaine base is 10 years to life imprisonment.[6] Thus, the trigger quantity for the mandatory sentencing range of 10 years to life imprisonment under 21 U.S.C. § 841(b)(1)(A) was effectively increased from 50 grams to 280 grams of cocaine base. *See Dorsey*, 567 U.S. at 269.

As noted above, Section 404(c) further provides that "[n]o court shall entertain a motion under this section" where a petitioner's "sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." 2018 FSA § 404(c). Therefore, in assessing eligibility for relief under the 2018 FSA, courts must distinguish between those petitioners whose sentences were previously "imposed" or "reduced" pursuant to the 2010 FSA's amendments and those whose sentences were based upon the pre-Act statutory framework. In the case of the former, the court has no authority to reduce a sentence pursuant to the 2018 FSA.[7]

Petitioner was sentenced on March 16, 2015 – over four years after the August 3, 2010 effective date of the 2010 FSA. Petitioner, therefore, was already sentenced in accordance with the 2010 FSA-amended statutory thresholds. Indeed, Count One of the criminal Information charged Petitioner with possession with intent to distribute *280 grams or more* of cocaine base and Petitioner subsequently pled guilty to that offense. The quantity threshold of 280 grams or more reflected in both the criminal Information and plea agreement mirrors the quantity of crack-cocaine

---

[6] Section 3 of the Fair Sentencing Act, which is not at issue here, eliminated the mandatory minimum sentence for simple possession. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 3, 124 Stat 2372, 2372 (2010).

[7] After the 2010 FSA became effective, courts disagreed on whether defendants whose crimes preceded the effective date of the Act, but who were sentenced after it, would benefit from the more lenient penalties. *Dorsey*, 567 U.S. at 272. The Supreme Court resolved the issue in *Dorsey v. United States*, decided June 21, 2012, holding that the Act's "new minimums apply to all of those sentenced after August 3, 2010." *Id*. at 282.

required to trigger the statutory range of 10 years' to life following the 2010 FSA. Accordingly, Petitioner is ineligible for Section 404 relief because he was already sentenced in accordance with the amendments made by the 2010 FSA.

### III. Petitioner's claim that he no longer qualifies as an armed career criminal following the First Step Act is meritless.

Petitioner lastly asserts that he no longer qualifies as an armed career criminal following the 2018 FSA. ECF. No. 28 at 7. Specifically, Petitioner argues that he only has two prior qualifying serious drug offenses, as opposed to the three that are required for enhancement under the Armed Career Criminal Act (hereinafter "ACCA"). *See* § 924(e)(1) (requiring three previous convictions for a "violent felony or serious drug offense").

Petitioner's claim is meritless. Petitioner previously qualified as an armed career criminal pursuant to § 924(e)(1) at the time of his sentencing in 2015. Indeed, the completed PSR notes that Petitioner's prior convictions included: (1) a 1999 state conviction for distribution of cocaine, in violation of Md. Code Ann., Crim. Law § 5-602; (2) a 2003 state conviction for possession with intent to distribute marijuana, in violation of Md. Code Ann., Crim. Law §5-602; (3) a 2003 state conviction for possession with intent to distribute cocaine, in violation of Md. Code Ann., Crim. Law § 5-602; and, (4) a 2009 state conviction for possession with intent to distribute cocaine and possession with intent to distribute marijuana, in violation of Md. Code Ann., Crim. Law §§ 5-602. PSR at 9-14. Based on those previous convictions, the PSR properly established that Petitioner was an armed career criminal at the time of his original sentencing. *See* PSR at 15, ¶ 46 ("The defendant has three prior convictions for serious drug offenses: Distribution of CDS (Docket No. CT991320X); Possession with Intent to Distribute Cocaine (Docket No. CT031409X); and Possession with Intent to Distribute Cocaine and Possession with Intent to Distribute Marijuana (Docket No. CT091699X). As such, pursuant to USSG §4B1.4, the defendant is also an Armed

Career Criminal and is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e).").

It is well-established that a sentence once imposed is final, subject to such exceptions as Congress has allowed. *United States v. Addonizio*, 442 U.S. 178, 189 (1979). Though "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so [. . .] pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotations omitted).

As noted previously, Section 3582(c)(1)(B) provides authorization for courts to modify previously imposed sentences "to the extent ... expressly permitted by statute" *See* 18 U.S.C. § 3582(c)(1)(B). Because Petitioner has moved for a reduced sentence pursuant to the statutory authority provided under the 2018 FSA, the scope of this Court's authority to reduce Petitioner's otherwise final sentence is, therefore, inherently bound by the limitations of that Act. *See United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009), *cert. denied*, 558 U.S. 889 (Oct. 5, 2009) (No. 09–5145). ("the district court's discretionary authority is expressly limited by the scope of § 3582(c)."). In other words, courts should not reconsider any sentencing determinations beyond those impacted by the 2018 FSA. *See Dillon v. United States*, 560 U.S. 817, 831 (2010) (when issuing a reduced sentence, district courts "shall leave all other guideline application decisions unaffected.").

The relevant statute - the 2018 FSA – provides that courts "may [. . .] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." 2018 FSA (internal citations and parentheticals omitted).[8]

---

[8] Section 2 and 3 of the 2010 FSA amended the threshold quantities for cocaine base offenses. *See supra* at 7-8.

Nothing in the Act, however, authorizes courts to reexamine the facts underlying previous armed career criminal determinations. Thus, the 2018 FSA does not provide a basis for Petitioner to challenge his classification under the ACCA.

Petitioner, in addition, fails to cite any alternative statutory authority permitting this Court to modify his prior armed career criminal determination. Indeed, there is none. Accordingly, Petitioner's challenge to his enhancement under § 924(e) is not cognizable under the 2018 FSA and should be dismissed. *See United States v. Rivas*, 2019 WL 1746392, at *8 (E.D. Wis. Apr. 18, 2019) (The First Step Act does not "authorize the court to […] disturb [the judge's] conclusion that the defendant qualified as a career offender."); *see also Smartt*, 129 F.3d at 541 (holding that unless the "basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction" to consider the sentencing modification request).

Furthermore, even if Petitioner were permitted to collaterally challenge his armed career criminal status, the 2018 FSA did not affect Petitioner's ACCA eligibility. As discussed in detail in Part I, *supra*, Section 401 of the 2018 FSA is not retroactively applicable to sentences imposed prior to December 21, 2018. Even if it was retroactively applicable, Section 401 simply narrowed the types of predicate offenses necessary to trigger sentence enhancements under 21 U.S.C. § 851 by tying them to the definition of "serious drug offense" already incorporated into § 924(e)(1). In other words, the 2018 FSA had no direct impact on § 924(e)(1). Because Petitioner's sentence was enhanced pursuant to that provision, and not § 851, Section 401 of the 2018 FSA has no applicability to his case. Petitioner is, therefore, not entitled to relief.[9]

---

[9] Petitioner's claim for relief would also be procedurally barred if construed as a Motion to Vacate under 28 U.S.C. § 2255 due to the one year statute of limitations set forth in § 2255(f). Under that subsection, a one-year limitation period applies to petitions filed under § 2255, which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by

**CONCLUSION**

For the reasons stated herein, the Government respectfully requests that this Honorable Court DENY Petitioner's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 28) with prejudice.

                                Respectfully submitted,

                                Robert K. Hur
                                United States Attorney

By:                           _____/s/_____
                                Jonathan S. Tsuei
                                Special Assistant United States Attorney

                                _____/s/_____
                                David I. Salem
                                Assistant United States Attorney

---

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1-4). Judgment was entered in this case on March 16, 2015. Because Petitioner did not file a Notice of Appeal, his judgment became final 14 days later on March 30, 2015. The § 2255 limitations period, thus, expired the following year on March 29, 2016. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003) ("for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *Brown v. United States*, No. CR ELH-14-0532, 2017 WL 4946990, at *3 (D. Md. Nov. 1, 2017) ("the conviction became final upon expiration of the time for filing a notice of appeal, and the limitations period set forth at 28 U.S.C. § 2255(f)(1) began to run on that date."). No other provision of § 2255(f) applies to Petitioner's case. While Petitioner is correct that, subsequent to his sentence, the 2018 FSA amended the laws associated with sentencing enhancements pursuant to 21 U.S.C. § 851 and 18 U.S.C. 924(c), Congress explicitly deemed those portions of the Act non-retroactive to sentences imposed prior to its enactment.

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on July 11, 2019, a copy of the foregoing Motion was mailed to:

David Rudolph, #58439-037
FCI Petersburg Low
Federal Correctional Institution
P.O. Box 1000
Petersburg, VA 23804

.

        By:                 /s/
                Jonathan S. Tsuei
                Special Assistant United States Attorney